■ In the Matter of SAUL SHAPIRO, Appellant, v RICHARD OTHMER et al., Respondents. [671 NYS2d 116] —In a proceeding pursuant to CPLR article 78 to review a determination of the

Town Board of the Town of Carmel dated May 8, 1995, approving the sale of certain property to a third party which was converted to an action for a judgment declaring that Saul Shapiro has a right of first refusal under the former EDPL 406 (A) in the event the Town of Carmel decides to sell a certain parcel of real property acquired from him by condemnation in 1982, the appeal is from a judgment of the Supreme Court, Putnam County (Braatz, J.), dated February 24, 1997, which, after a nonjury trial, *inter alia*, declared that Saul Shapiro is not entitled to a right of first refusal.

Ordered that the judgment is affirmed, with costs.

On January 27, 1982, the Town Board of the Town of Carmel acquired 19.3 acres of a 93 acre parcel of land owned jointly by Saul Shapiro, the petitioner, and one Emil Landau by filing an Order of Condemnation under the Eminent Domain Procedure Law. Although the Town had originally acquired the property for the development of a waste disposal facility, within three years it abandoned this project, and, until 1990, leased the recycling building that it had constructed on the property as a warehouse. By deeds recorded on December 30, 1992, the petitioner and Landau's successors conveyed their interests in the contiguous remainder of the property to the petitioner's son, Stephen Shapiro.

We conclude that by transferring his entire interest in the adjoining property to his son in 1992, the petitioner divested himself of any potential right of first refusal that he might otherwise have claimed under former EDPL 406 (A). That right, having once been extinguished, could not be resurrected by the reconveyance of a .5% interest in the contiguous remainder from his son to him, by a deed dated April 13, 1995, and recorded on May 1, 1995. We note that this token reconveyance was timed to interfere with the Town's resolution of May 8, 1995, authorizing the sale of 8 of the 19 acres to a third party.

In light of the foregoing determination, neither the petitioner's remaining contentions nor the propriety of the Supreme Court's remaining conclusions need be addressed. O'Brien, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.